**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES J. WATERS,

        Plaintiff,

v.

WELLS FARGO & CO. CASH BALANCE
PLAN, et al.,

        Defendants.

Civil Action No. 18-16832 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendants Wells Fargo & Co. Cash Balance Plan; Wachovia Corporation Pension Plan; Wells Fargo & Co.; Ben Jolley, Director of Human Resources of Wells Fargo; and Michael Branca's (collectively, "Defendants") Partial Motion to Dismiss (ECF No. 10) Plaintiff James J. Waters's ("Plaintiff") Amended Complaint (ECF No. 3). Plaintiff filed opposition to the Motion to Dismiss (ECF No. 13), and Defendants replied (ECF No. 14). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court grants Defendants' Motion to Dismiss Counts II and III. The Court also grants Plaintiff leave to file a second amended complaint.

I. **BACKGROUND**

Plaintiff is a former employee of Wachovia Corporation ("Wachovia"), and a plan participant in the Wachovia Corporation Pension Plan ("Plan"). (Am. Compl. ¶¶ 4, 10.) "Plaintiff began covered employment in 1984 at First Fidelity Bank." (*Id.* ¶ 10.) In 1996, First Union Corporation acquired First Fidelity Bank, and in September 2001 First Union Corporation merged with Wachovia Corporation. (*Id.*)

On December 15, 2005, "Wachovia notified Plaintiff of its intention to displace him from employment effective September 30, 2006 as a result of the divestiture of its Corporate Trust and Institutional Custody business." (*Id.* ¶ 13.) On February 27, 2006, Plaintiff inquired about his early retirement benefits after his termination date. (*Id.* ¶ 16.) On March 2, 2006, a Wachovia Benefits Center Representative informed Plaintiff that if he took "[his] Pension benefit at age 55 . . . [he would] receive 79% early retirement benefit." (*Id.* ¶ 17.) On September 26, 2006, a Plan administrator projected Plaintiff's early retirement income to be $23,319.36 annually from his pension beginning at age 55.[1] (*Id.* ¶ 18.)

As of January 2006, Section 5.07 of the Plan read:

> On or after September 1, 2001, any Participant . . . whose employment with the Employer is terminated on or after September 1, 2001 due to displacement or divestiture . . . and who is at least age 45, *or* whose age and Years of Vesting Service total at least 65 at Termination of Employment with the employer . . . may receive an early retirement benefit . . . .

(Compl., Ex. A ("2006 Plan") § 5.07, ECF No. 1-1) (emphasis added). Plaintiff qualified for this early retirement benefit because he completed 23 years of vesting service at the time of termination at age 43, thus reaching the 65 year threshold. (Am. Compl. ¶ 23.)

---

[1] This amounts to 79% of a normal retirement benefit. (Am. Compl. ¶ 18.) On January 31, 2010 and January 24, 2012, Plaintiff obtained consistent projections. (Am. Compl. ¶ 19.)

2

On January 1, 2008, "Wachovia amended [Section] 5.07 of the Plan to require a minimum age of 45 at the date of displacement as a condition of qualifying for the more favorable early retirement factor . . . ." (*Id.* ¶ 25; *see also* Am. Compl., Ex. A ("2008 Amended Plan") 23, ECF No. 3-1.) Plaintiff alleges he "did not receive a notice of a plan modification" disclosing this amendment. (*Id.* ¶ 26.)

On July 1, 2009, Wachovia Corporation Pension Plan merged with Wells Fargo & Co. Cash Balance Plan. (*Id.* ¶ 11.) On January 10, 2018, "the Wells Fargo Retirement Service Center contended that the plan administrator previously incorrectly applied a more favorable Early Retirement Factor . . . [and] that Plaintiff must be at least 50 years of age at the time of displacement to qualify for an enhanced early retirement benefit." (*Id.* ¶ 27) (internal quotation omitted). On January 24, 2018, Plaintiff filed a formal claim to challenge the Retirement Service Center's interpretation of the Plan. (*Id.* ¶ 28.)

On March 23, 2018, however, the Plan Administrator denied Plaintiff's claim for an early retirement benefit for "a different reason, i.e., because Plaintiff had not attained the age of 45 at the time of displacement." (*Id.* ¶ 29.) This appears to be when Plaintiff became aware of the amended provision stating that the employee must be at least 45 years of age at time of divestiture *and* his vesting service plus age must be at least 65 years. (*See id.* ¶ 30.)

On April 4, 2018, Plaintiff appealed this denial, and on June 7, 2018, the Plan denied Plaintiff's appeal. (*Id.* ¶ 31-32.) Plaintiff brought the instant action alleging the following claims: (1) benefit cutback in violation of 29 U.S.C. § 1054(g) ("ERISA Section 204"); (2) failure to notify of material modifications; (3) equitable estoppel; and (4) breach of fiduciary duties. (*See id.* ¶¶ 34-52.)

3

## II. LEGAL STANDARD

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[ ] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). Lastly, Federal Rule of Civil Procedure Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[2] All references to a Rule or Rules hereinafter refer to the Federal Rules of Civil Procedure.

## III. DISCUSSION

Defendants seek to dismiss Counts II, III, and IV of the Amended Complaint. Plaintiff does not oppose the dismissal of Count IV, thus that claim is dismissed with prejudice. The Court's analysis, therefore, turns to the validity of Defendants' Motion to Dismiss Counts II and III.

### A. Count II

In Count II, Plaintiff alleges Defendant failed to report and disclose a material modification of the Plan, which is in violation of 29 U.S.C. §§ 1022(a) and 1024(b)(1). (*See* Am. Compl. ¶¶ 37-41.) "[The Third Circuit has] previously held that 'substantive remedies are generally not available for violations of ERISA's reporting and disclosure requirements' except 'where the plaintiff can demonstrate the presence of 'extraordinary circumstances.''" *Jordan v. Fed. Express Corp.*, 116 F.3d 1005, 1011 (3d Cir. 1997) (citing *Ackerman v. Warnaco, Inc.*, 55 F.3d 117, 124-25 (3d Cir. 1995)) (internal citations omitted). Despite the absence of a rigid definition, "[extraordinary] circumstances include situations where the employer has acted in bad faith, or has actively concealed a change in the benefit plan, and the covered employees have been substantively harmed by virtue of the employer's actions." *Ackerman*, 55 F.3d at 125 (emphasis added) (citations omitted).

Plaintiff maintains that Defendants overestimated his early retirement benefit on four occasions between 2006 and 2012, and those misrepresentations constitute an "extraordinary circumstance." (Pl.'s Opp'n Br. 4-5.) Plaintiff, however, fails to allege in the Amended Complaint that, on these four occasions, Defendants acted with bad faith or actively concealed a change in the benefit plan. Plaintiff argues, "[c]oncealment of the plan amendment from Plaintiff in 2008 failed to alert him to the possibility that he could retire early with an enhanced benefit." (Id.) Not only is this statement conclusory, but it is not found within the Amended Complaint, and a

5

"complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1998) (internal quotation and citation omitted). Furthermore, the Third Circuit has held that merely overestimating pension projections does not constitute an "extraordinary circumstance." *See, e.g., Bocchino v. Trs. of Dist. Council Ironworkers Funds of N. N.J.*, 336 F. App'x 197, 201 (3d Cir. 2009) (holding that the reduction of plaintiff's pension due to miscalculation did not constitute an extraordinary circumstance); *Gramm v. Bell Atl. Mgt.*, 983 F. Supp. 585, 593 (D.N.J. 1997) (holding that defendants' repeated overestimation of a pension benefit did not constitute an "extraordinary circumstance").

### B. Count III

Count III alleges that, because of "repeated confirmations of the enhanced early retirement benefit plus the failure to provide Plaintiff with a summary of material modifications . . ." Defendants are equitably estopped from applying the amended Section 5.07 provision of the Plan. (Am. Comp. ¶ 47.) "[T]o state a cause of action for equitable estoppel under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), an "ERISA plaintiff must establish (1) a material representation, (2) reasonable and detrimental reliance upon the representation, and (3) extraordinary circumstances." *Burstein v. Ret. Account Plan for Emps. of Allegheny Health Educ. & Research Found.*, 334 F.3d 365, 383 (3d Cir. 2003), *as amended* (Aug. 1, 2003) (citing *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 235 (3d Cir. 1994)).

Courts have historically analyzed "extraordinary circumstances" for an equitable estoppel claim under the same framework as "extraordinary circumstances" for a failure to report and disclose claim. *See, e.g., Jordan*, 116 F.3d at 1011 (citing cases analyzing extraordinary circumstances for equitable estoppel despite the claim being for failure to disclose). The Court,

6

therefore, finds Plaintiff has insufficiently pled extraordinary circumstances that would warrant equitable estoppel for the reasons set forth in Subsection A.

In addition, Plaintiff fails to sufficiently plead reasonable and detrimental reliance. In his Opposition Brief, Plaintiff argues that the reduction in his benefits "for the rest of [his] life plausibly affects retirement decisions" including postponing retirement. (Pl.'s Opp'n Br. 6.) While that statement is certainly correct, Plaintiff's Amended Complaint fails to allege, much less support, such a decision. As the Court previously stated, a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman,* 836 F.2d at 181 (citation omitted). The Court, accordingly, finds Plaintiff failed to sufficiently plead facts pertinent to Count III of the Amended Complaint.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' partial Motion to Dismiss is granted. The Court dismisses without prejudice Counts II and III and dismisses with prejudice Count IV.[3] The Court will enter an order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** October 10, 2019

---

[3] Should Plaintiff desire to file a second amended complaint, he must file a motion to amend, which would be returnable before the magistrate judge in this matter.