<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMES J. WATERS,

               Plaintiff,

                v.

WELLS FARGO & CO. CASH BALANCE
PLAN, et al.,

               Defendants.

Civil Action No. 18-16832 (MAS) (TJB)

**MEMORANDUM OPINION**

<u>SHIPP, District Judge</u>

       This matter comes before the Court upon Cross-Motions for Summary Judgment filed by Plaintiff James J. Waters ("Plaintiff") and Defendants Wells Fargo & Co. Cash Balance Plan ("Wells Fargo Plan"), Wachovia Corporation Pension Plan ("Wachovia Plan"), Wells Fargo & Co. ("Wells Fargo"), and Plan Administrators Benjamin Jolley ("Plan Administrator Jolley") and Michael Branca (collectively, "Defendants"). (ECF Nos. 26, 27.) The parties opposed each others' Motions. (ECF Nos. 28, 29.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Motion is denied, and Defendants' Motion is granted.

I.   **BACKGROUND**[1]

A.   **Plaintiff's Eligibility**

Plaintiff is a former employee of Wachovia Corporation ("Wachovia"), and a plan participant in the Wachovia Plan. (Defs.' Statement of Undisputed Material Facts ("DSUMF") ¶¶ 4–5, ECF No. 27-2; Pl.'s Resp. to DSUMF ("PRDSUMF") ¶¶ 4–5, ECF No. 28.) Wachovia displaced Plaintiff from employment in September 2006. (DSUMF ¶ 5; PRDSUMF ¶ 5.) At the time, Plaintiff was forty-three years old and had twenty-three years of vesting service. (DSUMF ¶ 6; PRDSUMF ¶ 6.)

Earlier that year, Plaintiff "asked for a confirmation that his benefit for early retirement at age [fifty-five] would be 79% of his normal retirement benefit" based on his age and vested years of service. (Pl.'s Statement of Undisputed Material Facts ("PSUMF") ¶ 9, ECF No. 26-2; Defs.' Resp. to PSUMF ("DRPSUMF") ¶ 9, ECF No. 29-1.) A Wachovia representative confirmed Plaintiff's eligibility. (PSUMF ¶ 10; DRPSUMF ¶ 10.) Plaintiff also "obtained projections from the plan administrator of early retirement income in the annual amount of $23,319.36," which amounts to 79% of his normal retirement benefit. (PSUMF ¶ 11; DRPSUMF ¶ 11.) The pension projection contained two disclaimers. (*See* Pension Projection Doc. *4–5,[2] ECF No. 26-6.) The first disclaimer provided that "Wachovia reserves the right to correct any errors. . . . if the estimate conflicts with the benefit defined by the Wachovia Pension Plan." (*Id.* at *4.) The second disclaimer stated in part that the projection "does not replace or change the meaning" of the controlling "plan documents and contracts." (*Id.* at *5.)

---

[1] The parties are familiar with the factual and procedural history of this matter, and therefore the Court only recites those facts necessary to resolve the instant Motions.

[2] Page numbers preceded by an asterisk refer to the page number on the ECF header.

### B.    The Wachovia Plan

The Wachovia Plan's 2002 Restatement provided that, to qualify for enhanced early retirement benefits, displaced employees must be at least forty-five years old and have years of vesting service plus age equal at least sixty-five. Specifically, the 2002 Restatement stated:

> Section 5.03 <u>Early Retirement</u>
>
> On or about September 1, 2001, any Participant credited with an Hour of Service on or after September 1, 2001, *who is at least age 45, **and** whose age and Years of Vesting Service total at least 65*, and whose employment with the Employer is terminated on or after September 1, 2001 due to displacement or divestiture . . . may receive an early retirement benefit . . . .

(DSUMF ¶ 7 (emphasis added) (quoting 2002 Restatement) *32, Ex. B to Caminiti Certif., ECF No. 27-3; PRDSUMF ¶ 7.) The Early Retirement section of the 2003 through 2005 Restatements contained the same italicized language. (DSUMF ¶ 8 (citations omitted); PRDSUMF ¶ 8.)

Conversely, in 2006—the year of Plaintiff's displacement—and 2007, the Restatements contained a disjunctive "or" in place of the conjunctive "and." (DSUMF ¶¶ 9–10 ("who is at least age [forty-five], or whose age and Years of Vesting Service total at least [sixty-five]," (citations omitted)); PRDSUMF ¶¶ 9–10.) The corresponding 2006 and 2007 Summary Plan Descriptions ("SPD"), however, continued using "and" instead of "or." (DSUMF ¶ 11 (citing 2006 & 2007 SPDs *66–67, *72–73, Exs. H & I to Caminiti Certif., ECF No. 27-3; PRDSUMF ¶ 11.)

In December 2007, Plan Administrator Jolley received an internal memorandum regarding the forthcoming 2008 Restatement that indicated the discrepancy resulted from a scrivener's error:

> Section 5.07: When reviewing this section please also note there was a change made in the first paragraph, second sentence changing the word "or" to "and". A similar edit was made in the second paragraph

3

as well. These edits were made to address a Scribner's [sic] error in the prior plan document, which HR recently identified.[3]

(DSUMF ¶ 12 (quoting 2007 Internal Mem. *75–77, Ex. J to Caminiti Certif., ECF No. 27-3.) Consequently, the 2008 Restatement's Early Retirement section replaced "or" with "and." (DSUMF ¶ 13 (citation omitted); PRDSUMF ¶ 13.)

### C. Plaintiff's Claim under the Plan[4]

In January of 2010 and 2012, Plaintiff accessed an "on-line system maintained by the plan administrator" that displayed the same 2006 pension projection of $23,319.36 annually. (PSUMF ¶ 12; DRPSUMF ¶ 12.) Those projections contained a similar disclaimer that "Wells Fargo reserves the right to correct any errors. . . . if the estimate conflicts with the benefit defined by" the Plan. (2010 & 2012 Projections *33, *35, ECF No. 26-6.)

On January 2, 2018, Plaintiff "received a pension projection showing a significantly lower early retirement benefit of . . . $14,759.16 per year." (PSUMF ¶ 13; DRPSUMF ¶ 13.) A Wells Fargo representative informed Plaintiff that the prior projection was incorrect because Plaintiff had not met the age requirement. (PSUMF ¶ 23; DRPSUMF ¶ 23.) On January 24, 2018, Plaintiff filed a claim for benefits. (DSUMF ¶ 16; PRDSUMF ¶ 16.) By letter dated March 23, 2018, Wells Fargo denied Plaintiff's claim for the enhanced early retirement benefit. (DSUMF ¶ 17; PRDSUMF ¶ 17.) Citing the 2006 SPD, the letter explained that Plaintiff did not qualify because he had not attained the required age of forty-five at the time of displacement. (Mar. 23, 2018 Correspondence *84–85, Ex. L to Caminiti Certif., ECF No. 27-3.) The letter also stated that the 2006 projection

---

[3] Section 5.07 of the 2007 Restatement addressed early retirement benefits. (2007 Restatement *59–60, Ex. G to Caminiti Certif., ECF No. 27-3.)

[4] In December 2008, Wells Fargo acquired Wachovia; shortly thereafter, the Wachovia Plan merged with the Wells Fargo Plan (the "Plan"). (DSUMF ¶¶ 14–15, PRDSUMF ¶¶ 14–15.)

4

resulted from a "mistake" and referenced the two disclaimers that reserved the Plan's "right to correct any errors." (*Id.* at \*85–86.) On April 4, 2018, Plaintiff appealed the denial of his claim. (DSUMF ¶ 20; PRDSUMF ¶ 20.) By letter dated June 7, 2018, Wells Fargo denied Plaintiff's appeal for the reasons set forth in the initial March 2018 letter. (DSUMF ¶ 21; PRDSUMF ¶ 21.)

On December 4, 2018, Plaintiff filed a four-count action against Defendants and shortly thereafter filed an Amended Complaint. (*See* Compl., ECF No. 1; Am. Compl. ("AC"), ECF No. 3.) Count One alleges violations of the Employee Retirement Income Security Act's ("ERISA") anti-cutback rule, 29 U.S.C § 1054(g). (AC ¶¶ 34–35.) Counts Two through Four assert claims for failure to notify of material modifications, equitable estoppel, and breach of fiduciary duties. (*Id.* ¶¶ 36–52.) Defendants moved to dismiss Counts Two through Four and, on October 10, 2019, the Court granted Defendants' motion. (Oct. 2019 Mem. Op., ECF No. 15.) The parties now move for summary judgment on Count One.

## II.    LEGAL STANDARD

Summary judgment is appropriate if the record demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A material fact—a fact "that might affect the outcome of the suit under the governing law[,]" *Anderson*, 477 U.S. at 248—raises a "genuine" dispute if "a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 250). "Disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).

To determine whether a genuine dispute of material fact exists, the Court must consider all facts and reasonable inferences in the light most favorable to the non-movant. *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002). The Court will not "weigh the evidence and determine the truth of the matter" but will determine whether a genuine dispute necessitates a trial. *Anderson*, 477 U.S. at 249. The party moving for summary judgment has the initial burden of proving an absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Thereafter, the nonmoving party creates a "genuine [dispute] of material fact if . . . sufficient evidence [is provided] to allow a jury to find [for him] at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

"The standard by which the court decides a summary judgment motion does not change when the parties file cross-motions." *Clevenger v. First Option Health Plan of N.J.*, 208 F. Supp. 2d 463, 468 (D.N.J. 2002). "When ruling on cross-motions for summary judgment, the court must consider the motions independently . . . and view the evidence on each motion in the light most favorable to the party opposing the motion." *Id.* at 468–69 (citations omitted). "That one of the cross-motions is denied does not imply that the other must be granted." *Ill. Nat'l Ins. v. Wyndham Worldwide Operations, Inc.*, 85 F. Supp. 3d 785, 794 (D.N.J. 2015).

III.   **DISCUSSION**

A.   **Parties' Positions**

Plaintiff argues that Defendants improperly reduced his accrued benefit in violation of ERISA's anti-cutback rule by "impos[ing] an additional age requirement that is not contained" in the 2006 Wachovia Plan. (Pl.'s Moving Br. 3, 5, ECF No. 26-3.) Plaintiff asserts that Defendants improperly considered SPDs and post-2006 Restatements in reaching their decision to deny his

benefit. (*Id.* at 7.) According to Plaintiff, the plain language of the 2006 Wachovia Plan entitles him to the enhanced early retirement benefit. (*Id.* at 5.)

Conversely, Defendants argue that "Plaintiff's claim presents the quintessential case of a scrivener's error: The word 'and' in the 2002 through 2005 Plan Restatements was accidentally changed to 'or' in the 2006 Restatement." (Defs.' Moving Br. 12, ECF No. 27-1.) Defendants assert that, as indicated in the 2007 Memorandum, Wachovia discovered the error while preparing the forthcoming 2008 Restatement and corrected it accordingly. (*Id.*) Defendants note the pre-2006 Restatements and the 2006 and 2007 SPDs contained the conjunctive "and." (*Id.* at 13.) Defendants also assert that plan participants did not likely rely on the drafting error, and that granting Plaintiff the enhanced early retirement benefit would amount to an unearned windfall. (*Id.* at 17.)

### B.    Parties' Cross-Motions for Summary Judgment

Pursuant to Section 502(a)(1)(B), a plan participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "A plaintiff seeking to recover under [S]ection 502(a)(1)(B) must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *Hoovan v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006).

"There is no doubt about the centrality of ERISA's object of protecting employees' justified expectations of receiving the benefits their employers promise them." *Cent. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 743 (2004). "ERISA's anti-cutback rule is crucial to this object, and (with two exceptions of no concern here) provides that '[t]he accrued benefit of a participant under a plan may not be decreased by an amendment of the plan . . . .'" *Id.* at 744 (alterations in original) (footnoted omitted) (quoting 29 U.S.C. § 1054(g)(1)). "[A] standard early

retirement benefit, provided exclusively upon the satisfaction of certain age and/or service requirements, is an accrued benefit that is protected by § 1054(g)." *Cotillion v. United Refining Co.*, 781 F.3d 47, 57 (3d Cir. 2015) (internal quotation marks and citation omitted).

"Courts have stressed the importance of recovering only what is available under the terms of [the] plan; as such, the right to benefits under a plan can only be found if it is established by the terms of the ERISA-governed employee benefit plan." *Horan v. Reliance Standard Life Ins.*, No. 12-7802, 2014 WL 346615, at *9 (D.N.J. Jan. 30, 2014) (internal quotation marks and citation omitted). The existence of a written plan is one of ERISA's "core functional requirements," around which ERISA has built "an elaborate scheme . . . for enabling beneficiaries to learn their rights and obligations at any time, a scheme that is built around the reliance on the face of written plan documents." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995). Consequently, a court is "required to enforce the [p]lan as written unless [it] can find a provision of ERISA that contains a contrary directive." *Bellas v. CBS, Inc.*, 221 F.3d 517, 522 (3d Cir. 2000) (second alteration in original) (citation omitted). This general rule, however, is not without exception.

"The Third Circuit has held that a court may correct a scrivener's error 'based upon parol evidence, provided the evidence is 'clear, precise, convincing and of the most satisfactory character' that a mistake has occurred and that the mistake does not reflect the intent of the parties." *Stanford, Jr. v. Foamex L.P.*, No. 07-4225, 2010 WL 3488651, at *9 (E.D. Pa. Aug. 31, 2010) (quoting *Int'l Union of Elec. v. Murata Erie N. Am., Inc.*, 980 F.2d 889, 907–08 (3d Cir. 1992)). "The 'central holding' of *Murata* is that a court may reform a drafting error if a party establishes that 'no plan participants were *likely* to have relied upon the scrivener's error in question." *Id.* (quoting *Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d 1098, 1105 n.2 (3d Cir. 1996)).

Here, the 2006 Restatement's Early Retirement provision contained a disjunctive "or" that effectively removed any strict age requirement for qualification purposes. Plaintiff contends that, having satisfied the express terms of the 2006 Restatement's Early Retirement provision, he is entitled to the enhanced early retirement benefit. (Pl.'s Moving Br. 5.) While it is true that the plain language of an ERISA plan controls, the Third Circuit has recognized an exception in cases where, as here, the language resulted from a scrivener's error. *See Murata*, 980 F.2d at 907–08. As discussed below, Defendants have presented sufficient evidence to demonstrate that the 2006 Restatement's Early Retirement provision inadvertently removed the age requirement due to the erroneous inclusion of "or" in place of the established "and." The Court, therefore, cannot find as a matter of law that Defendants violated ERISA's anti-cutback rule and that Plaintiff is entitled to the enhanced early retirement benefit under the Plan. The Court, accordingly, denies Plaintiff's Motion for Summary Judgment.

Turning to Defendants' Motion, the Court finds that the evidence in the record is clear and convincing that a drafting error occurred, and that no plan participants were likely to have relied on the drafting error. Defendants produced a 2007 internal memorandum indicating that Wachovia's human resources department identified the drafting error while preparing the forthcoming 2008 Restatement and then made corrections accordingly. (2007 Internal Mem. *77.) The record also shows that the Early Retirement section of the 2002, 2003, 2004, and 2005 Restatements each contained the conjunctive "and" that effectively required any displaced participant to attain the age of forty-five in order to qualify for the early retirement benefit. (2002 through 2005 Restatements *32, *37, *42, *47–48.) In addition, the corresponding 2006 and 2007 SPDs both continued using "and" instead of "or." (2006 & 2007 SPDs *66–67, *72–73.) Plaintiff does not appear to dispute the contents of the 2007 Memorandum, nor the fact that the prior

9

Restatements and corresponding SPDs all used "and" instead of "or." Rather, Plaintiff makes unavailing arguments that the 2007 Memorandum cannot be considered because it contains hearsay, and that Defendants cannot make "unwarranted inferences" based on prior Restatements and SPDs. (Pl.'s Opp'n Br. 3–5, ECF No. 28-1.) The Court disagrees. The 2007 Memorandum is addressed to Plan Administrator Jolley and copies were directed to five other individuals any of whom may properly authenticate and lay a foundation. Moreover, contrary to Plaintiff's contention, the prior Restatements and SPDs offer reliable objective evidence that the "or" found in the 2006 Restatement's Early Retirement provision resulted from a drafting error. On these facts, the Court concludes that no rational juror could find against Defendants on this issue.

Lastly, Plaintiff offers no evidence to dispute Defendants' contention that no other plan participant likely relied on the drafting error. As Defendants note, the error "was discovered . . . by Wachovia's HR department, not a [p]articipant complaint or lawsuit." (Defs.' Moving Br. 13.) Indeed, Plaintiff acknowledges he "relied on the accuracy of the pension projections" provided by a Wachovia representative in 2006 and the on-line system in 2010 and 2012—not the 2006 Restatement—when he filed his claim. (PSUMF ¶¶ 10–14.) Those projections, notably, included disclaimers reserving the Plan the right to correct any errors. The Court, therefore, finds no genuine dispute of material fact as to whether plan participants were likely to have relied on the drafting error. *See Standford, Jr.*, 2010 WL 3488651 at *10 (finding no plan participants were likely to have relied upon the scrivener's error where "there is no evidence that during the relevant time period any [p]lan participants received, viewed, or relied on the drafting error."). The Court, accordingly, grants Defendants' Motion for Summary Judgment.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is denied, and Defendants' Motion for Summary Judgment is granted. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

11